TRANSFER TAX—PROPERTY SUBJECT.
    Where a portion of the estate of a decedent is claimed by the heirs of her husband, and it is proved that they propose to establish their claim by litigation, no transfer tax should be imposed on the fund at the present time, nor thereafter unless the litigation terminates favorably to the estate.

In the matter of the estate of Josephine L. Newcomb, deceased. Proceedings on the report of an appraiser appointed under the transfer tax act. Appraisal refused.

Wilmer & Canfield, for executors.
Julius Offenbach, for comptroller.

FITZGERALD, S. Included in the property assessed for the purpose of taxation by the appraiser is a trust fund, which is claimed by the heirs of decedent's deceased husband. It appears by the affidavit of one of the executors, annexed to the report, that the attorneys for these heirs intend to litigate this claim and to carry the matter to the court of last resort; that the ownership of said fund is therefore at the present time undetermined. In Re Westurn's Estate, 152 N. Y. 93, 46 N. E. 315, where an alleged asset of the estate was in litigation, the court said (page 103, 152 N. Y., and page 318, 46 N. E.):

"It was, we think, the plain duty of the surrogate to have excluded this claim from valuation at the time, reserving it for future appraisement in case the administrator succeeded in collecting it."

With respect to another claim, also in litigation, the court stated that, if it was well founded, it was manifest a tax could not be

assessed against the appellants; that they would, in the case supposed, have no taxable interest, and the surrogate should have postponed the appraisement until the litigation was determined. The amount of this trust fund must be excluded in determining the value of the estate presently taxable. An order may be entered accordingly, which may in terms reserve this fund for a future appraisal in the event that the litigation terminates favorably to the estate.

Decreed accordingly.