## Matter of the Estate of MARY A. EARLY, Deceased.

(Surrogate's Court, New York County, May, 1919.)

Transfer tax — when appraisal of estate suspended — wills — trusts — accounting.

Where the transfer tax appraiser finds that at the death of decedent, who was sole trustee of the estate of her deceased husband, the value of her estate was $242,758.80, but the schedules and affidavits attached to his report show that of this amount only $21,474.09 belonged to her individually and that the remainder of the property was purchased by her with the trust funds of the estate of her husband, the appraiser is not justified in reporting that real estate purchased with said trust funds belonged to ·decedent and descended to her heirs at law, because, as matter of law, they or the next of kin of the deceased would hold the property as trustees for those entitled thereto under the will of the deceased husband.

The effect of the pendency of an action for an accounting in the estate of decedent's husband and to impress a trust upon the property purchased by her with the said trust funds is to suspend an appraisal of the value of the interest of her heirs at law or next of kin in her estate until the determination, of said action.

APPEAL from order assessing a transfer tax.

Charles M. Early, for appellant Charles M. Early.

Frederick S. Rauber, for appellant Agnes C. Early.

John Delahunty, for Joseph N. Early.

Lafayette B. Gleason, for state comptroller.

FOWLER, S.   One of the administrators of the estate of the decedent and one of her next of kin appeal from

the order assessing a tax upon the value of their respective interests as ascertained by the appraiser. While two notices of appeal have been filed, the questions raised by them are identical.

The decedent died on the 23d of December, 1917. At the time of her death she was sole trustee of the estate of her husband, John Early. The appraiser found that the value of the real estate of which she died seized and the personal property of which she died possessed was $242,758.80. The schedules and affidavits attached to the appraiser's report show that of this amount only $21,474.09 belonged to her individually, and that the remainder of the property was purchased by her with the trust funds of the estate of John Early, deceased. No evidence was submitted to the appraiser to contradict or explain these allegations, and for the purpose of this appeal they must be taken as true. Upon this evidence, therefore, the appraiser was not justified in reporting that the real estate purchased with the trust funds belonged to the decedent and was transferred to her heirs at law under the Statute of Descent. As a matter of law, the heirs or next of kin of the decedent would hold the property purchased with the trust funds as trustees for the persons entitled to it under the will of John Early, deceased.

It appears from the appraiser's report that there is an action now pending in the Supreme Court of this state for an accounting in the estate of John Early, deceased, and for a judgment impressing a trust upon the property held by the decedent and purchased by her with the trust funds of the estate of John Early, deceased; and as it is obviously impossible to determine the value of the interests of the heirs or next of kin in the estate of the decedent until the final termination of that action, it seems to me that the

appraisal of the estate should be suspended until that time.

Upon the papers now submitted to me, the appraiser's report and the order entered thereon are incorrect, and therefore the order assessing tax will be reversed and the proceeding remitted to the appraiser.

Order reversed.