In the Matter of the Transfer Tax upon the Estate of WARREN S. SILLCOCKS, Deceased.

THE STATE TAX COMMISSION, Appellant; WARREN S. SILLCOCKS and Another, Administrators with the Will Annexed of WARREN S. SILLCOCKS, Deceased, Respondents.

Second Department, December 5, 1927.

**Taxation — transfer tax — valuation of corporate stock — appraisal delayed until termination of litigation — dividends and interest on stock, accruing after decedent's death, not part of value.**

It was error for the surrogate to hold that corporate stock owned by the decedent had no value for transfer tax purposes merely because there had been no sale of the stock on the Stock Exchange for seven years prior to decedent's death.

Since the corporation is involved in litigation which may materially affect the value of the stock, it is proper that the appraisal of the stock shall be delayed until the determination of the litigation.

Dividends and interest accruing on the stock after the death of decedent do not constitute any part of the value of the stock on the date of his death and should not be included in the appraised value thereof for the purpose of fixing the transfer tax.

LAZANSKY, P. J., and HAGARTY, J., dissent.

APPEAL by the State Tax Commission from an order of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 31st day of December, 1926.

*Harry M. Peyser,* for the appellant.

*Henry Sillcocks,* for the respondents.

PER CURIAM. In our opinion, it was error for the surrogate to determine upon the proofs presented that the stock in question was of no value. The mere fact that it had been quoted on the Stock Exchange about seven years before decedent's death at two and one-half and that there were no further sales thereafter did not, in our opinion, establish that it was valueless. The matter was in litigation between the minority stockholders' committee, to which decedent's stock had been transferred for that purpose, and the Southern Pacific Company. The decision of the United States Supreme Court on June 9, 1919, in *Southern Pacific Co.* v. *Bogert* (250 U. S. 483) would indicate that the shares of the Houston and Texas Central Railway Company were always of value, but that the minority stockholders, of which decedent was one, had been deprived of their share in that value by the majority holder, the Southern Pacific Company, which dominated the railway company. We think, therefore, that, at the time of decedent's death on February 17, 1903, the value of such stock could not be ascertained, and its

appraisal would, therefore, be properly reserved for future determination upon the termination of the litigation. (Tax Law of 1896, § 222, as amd. by Laws of 1901, chap. 173, and Laws of 1905, chap. 368; Tax Law of 1909, § 222, as amd. by Laws of 1921, chap. 476; *Matter of Westurn,* 152 N. Y. 93; *Matter of Zefita, Countess de Rohan-Chabot,* 167 id. 280; *Matter of Newcomb,* 35 Misc. 589; *Matter of Lansing,* 31 id. 148; *Matter of Dimon,* 82 App. Div. 107; *Matter of Skinner,* 106 id. 217; *Matter of Early,* 107 Misc. 425.)

Dividends and interest thereon accruing subsequent to decedent's death are not, however, any part of the value of the stock at that date and should not be included in any valuation thereof for the purpose of fixing the transfer tax. We do not mean to intimate that by the deduction of these dividends and interest the remainder will represent the value of the stock at the date of decedent's death, but only that they should not be included in any such appraisal. Our decision is not intended to fix any value upon the stock nor to determine even that it has value; but simply that, on the proofs presented, it cannot be determined that it was without value. Upon the appraisal directed by this decision, the parties are at liberty to make any proper proof available to them to show the true value of the stock or its want of value.

The order of exemption of the Surrogate's Court of Kings county, and order dismissing appeal therefrom and affirming same, should be reversed upon the law, without costs, and the proceeding remitted to the Surrogate's Court for an appraisal of the stock in the usual manner.

YOUNG, SEEGER and CARSWELL, JJ., concur; LAZANSKY, P. J., and HAGARTY, J., dissent.

Order of exemption of the Surrogate's Court of Kings county, and order dismissing appeal therefrom and affirming same, reversed upon the law, without costs, and proceeding remitted to the Surrogate's Court for an appraisal of the stock in the usual manner.